UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL GUERTIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 24-1 (RBW) |
| ROBIN LEIPFERT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Paul Guertin, brings this civil action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of the Fourth Amendment by the defendant, Robin Leipfert, in her capacity as a Special Agent with the Office of Inspector General for the United States Department of State ("State Department"). See Plaintiff's First Amended Complaint ("Am. Compl.") ¶ 1, 3, ECF No. 13. Specifically, the plaintiff pursues Bivens claims against the defendant on the grounds that she allegedly "perjur[ed] herself in search-warrant affidavits in order to assail him with fraudulent allegations of criminal conduct" that led to his indictment by a grand jury. Id. ¶¶ 1, 81. Currently pending before the Court is the Defendant's Motion to Dismiss Amended Complaint ("Def.'s Mot."), ECF No. 15. Upon consideration of the parties' submissions[1] and in accordance with the oral rulings issued by the

---

[1] The Court considered the following filings in rendering its decision: (1) the Memorandum in Support of Defendant's Motion to Dismiss Amended Complaint ("Def.'s Mem."), ECF No. 15-1; (2) the Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint ("Pl.'s Opp'n"), ECF No. 16; (3) the Memorandum in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint ("Pl.'s Mem."), ECF No. 16-1; and (4) the Reply in Support of Defendant's Motion to Dismiss Amended Complaint ("Def.'s Reply"), ECF No. 19.

Court at the motion hearing held on March 17, 2025, the Court concludes that it must grant the defendant's motion to dismiss.

The Supreme Court has observed that "expanding the Bivens remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 582 U.S. 120, 135 (2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). "This is in accord with the Court's observation that it has 'consistently refused to extend Bivens to any new context or new category of defendants.'" Id. (quoting Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001)). And, "[t]he Supreme Court has set forth a two-step inquiry that governs whether an extension of Bivens is appropriate." Page v. Comey, 628 F. Supp. 3d 103, 129 (D.D.C. 2022). First, courts must "inquire whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" Hernández v. Mesa, 589 U.S. 93, 102 (2020) (quoting Malesko, 534 U.S. at 68). The "understanding of a 'new context' is broad[,]" id., "[and] a context [is] 'new' if it is 'different in a meaningful way from previous Bivens cases decided by t[he Supreme] Court[,]'" id. (quoting Abbasi, 582 U.S. at 139). "Second, if the claim arises in a new context, the Bivens claim must be rejected if there are 'special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed.'" Page, 628 F. Supp. 3d at 130 (quoting Egbert v. Boule, 596 U.S. 482, 492 (2022)). Importantly, "[i]f there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a Bivens remedy." Egbert, 596 U.S. at 492 (quoting Hernández, 589 U.S. at 102).

Here, the plaintiff seeks to have the Bivens remedy expanded to a new context. The plaintiff, at the time the defendant began investigating him, was employed as "a [State Department] Consular Officer in Shanghai[, China,] . . . [responsible for] conducting visa

interviews and adjudicating more than [forty-thousand] non-immigrant visas (sometimes over one hundred per day), among other tasks." Am. Compl. ¶ 8. Based upon a tip from the Federal Bureau of Investigation related to the plaintiff's alleged irregular gambling activity, see id. ¶ 25, the defendant sought and obtained a search warrant "to obtain from Google all emails, chat conversations, and account information associated with [the plaintiff]'s Gmail account[,]" id. ¶ 31. The defendant then sought and obtained another search warrant "to obtain from Microsoft all emails, chat conversations, and account information associated with [the plaintiff]'s Hotmail account[.]" Id. ¶ 36. The plaintiff was subsequently indicted by a grand jury, see id. ¶ 76, although for violations different than those he was under investigation for at the time the defendant obtained the search warrants, see id. ¶¶ 32, 37. After he was indicted, the plaintiff "moved to suppress the evidence that [the defendant] obtained as a result of her [ ] search[es] . . . [and] for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978)[,]" id. ¶ 83, but another member of this Court denied the motion, concluding that the defendant was legally authorized to conduct the searches pursuant to the warrants she had obtained, see id.; Def.'s Mem. at 1–2. Ultimately, the indictment was dismissed by another member of this Court because the government did not adequately allege that the plaintiff committed the conduct covered by the statutes he was charged with violating. See United States v. Guertin, 581 F. Supp. 3d 90, 100–01 (D.D.C. 2022). The Court of Appeals affirmed the dismissal of the indictment, but notably declined to address the question of whether the district judge properly denied the plaintiff's motion to suppress. See United States v. Guertin, 67 F.4th 445, 453–54 (D.C. Cir. 2023).

For the following two reasons, the Court concludes that the plaintiff seeks to have the Bivens remedy extended to a new context. First, regardless of whether the search warrant

applications contained "misrepresentations" by the defendant, she nonetheless sought and obtained search warrants before engaging in the searches—a factual distinction from what occurred in Bivens and its permissible application recognized by other courts.  See Page, 628 F. Supp. 3d at 130 (quoting Attkisson v. Holder, 925 F.3d 606, 621 (4th Cir. 2019) ("[A] claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework from a warrantless search and arrest[.]"); see also Annappareddy v. Pascale, 996 F.3d 120, 135 (4th Cir. 2021) ("What Bivens involved was the Fourth Amendment right to be free of unreasonable warrantless searches and seizures; this case, by contrast, involves searches and a seizure conducted with a warrant.").  Moreover, the plaintiff acknowledges that his work as a Consular Officer in China—a foreign adversary of the United States—"played a crucial role in the execution of American foreign policy[,]" Am. Compl. ¶ 16, and, therefore, applying Bivens in this case would "unquestionably ha[ve] national security implications," Hernández, 589 U.S. at 108; see Abbasi, 582 U.S. at 142 (quoting Christopher v. Harbury, 536 U.S. 403, 417 (2002)) ("Judicial inquiry into the national-security realm raises 'concerns for the separation of powers in trenching on matters committed to the other branches.'").  Thus, "[b]ecause '[n]ational-security policy is the prerogative of the Congress and President,'" Buchanan v. Barr, 71 F.4th 1003, 1009 (D.C. Cir. 2023) (second alteration in original) (quoting Abbasi, 582 U.S. at 142), "a Bivens cause of action may not lie where . . . national security is at issue[,]" id. (quoting Egbert, 596 U.S. at 494) (alteration in original).  Therefore, for these two reasons, the Court must conclude that the plaintiff is seeking to extend Bivens to a new context.

  Furthermore, there are special factors that counsel against extending Bivens in this case, primarily because "Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure[,]'" Egbert, 596 U.S. at 493 (quoting Abbasi, 582 U.S. at 137),

4

for the plaintiff to pursue.  "Congress indeed has created a distinct and limited set of remedies to compensate individuals who suffer as a result of wrongful governmental conduct in the course of criminal prosecutions."  Annappareddy, 996 F.3d at 137; see Deaver v. Seymour, 822 F.2d 66, 68 (D.C. Cir. 1987) ("[A]ny harm [the plaintiff] might suffer as the result of a criminal indictment was not irreparable because there existed an adequate remedy at law, since [the plaintiff] could move to dismiss the charges under Federal Rule of Criminal Procedure 12(b)(1)[.]").  In this case, the plaintiff acknowledges that he moved to dismiss the indictment against him, and indeed, he was successful in so doing.  See Am. Compl. ¶ 84.

And additionally, the plaintiff has another potential remedy available to him that he is actively pursuing—claims alleging several intentional torts under the Federal Torts Claims Act ("FTCA").  See 28 U.S.C. § 2680(h) (authorizing certain intentional tort claims for "acts or omissions of investigative or law enforcement officers of the United States Government"); see also Plaintiff's First Amended Complaint at 1, ECF No. 24, Guertin v. United States of America, No. 24-cv-1755 (RBW).  Although the Supreme Court in the past has held that "defendants [must] show that Congress has provided [an] alternative remedy . . . [and has] explicitly declared [it] to be a substitute for recovery[,]" Carlson v. Green, 446 U.S. 14, 18 (1980), the Supreme Court has recently clarified that courts must now "defer to 'congressional inaction' if 'the design of a [g]overnment program suggests that Congress has provided what it considers adequate remedial mechanisms[,]'" Egbert, 596 U.S. at 501 (quoting Schweiker v. Chilicky, 487 U.S. 412, 423 (1988)) (emphasis added); see Abbasi, 582 U.S. at 145 ("[W]hen alternative methods of relief are available, a Bivens remedy usually is not.").  And while the FTCA may not be a complete remedy for the constitutional violations the plaintiff alleges, see Harper v. Williford, 96 F.3d 1526, 1528 (D.C. Cir. 1996) ("[C]onstitutional claims are not cognizable

5

under the FTCA"); see also 28 U.S.C. § 2679(b)(2)(A), its availability as an "alternative means for relief[ under state tort law,]" Abbasi, 582 U.S. at 137 (citing Malesko, 534 U.S. at 73–74), counsels that the Court should pause before extending Bivens to a new context, Malesko, 534 U.S. at 72 ("[W]e [are not] confronted with a situation in which claimants in [the plaintiff's] shoes lack effective remedies."); Hernández, 589 U.S. at 111 n.9 ("[T]he provision [in the FTCA precluding constitutional claims, i.e., the 'Westfall Act,'] simply left Bivens where it found it.  It is not a license to create a new Bivens remedy in a context we have never before addressed[.]"); Black Lives Matter D.C. v. Barr, No. 20-cv-1469 (DLF), 2024 WL 3300158, at *8 (D.D.C. July 4, 2024) ("[T]he Westfall Act does not leave anyone forum-less.  It substitutes one way of handling constitutionally inflected tort claims (state tort law) for another (the FTCA)."). Accordingly, the Court having "even a single sound reason to defer to Congress[,]" Nestlé USA, Inc. v. Doe, 593 U.S. 628, 635 (2021), in determining whether the remedies the plaintiff has pursued are adequate alternative means of relief—i.e., the FTCA, the motion to dismiss the indictment, the motion to suppress evidence under the Federal Rules of Criminal Procedure, among others—it must "refrain from creating [ ] a remedy[,]" Egbert, 596 U.S. at 491, pursuant to Bivens.

      Accordingly, it is hereby

      **ORDERED** that the Defendant's Motion to Dismiss Amended Complaint, ECF No. 15, is **GRANTED**.  It is further

      **ORDERED** that the plaintiff's Amended Complaint, ECF No. 13, is **DISMISSED**.  It is further

      **ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 20th day of March, 2025.

REGGIE B. WALTON<br>United States District Judge